U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

APR 17 2009

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 00-50050-02 |
| VERSUS | JUDGE DONALD E. WALTER |
| JAMES MCDADE | MAGISTRATE JUDGE HORNSBY |

### MEMORANDUM RULING

Before the Court is a Motion to Vacate under 28 U.S.C. §2255 filed by defendant, James McDade. [Record Document 556]. For the following reasons, **IT IS ORDERED** that defendant's § 2255 motion be **DENIED**.

### I.    FACTUAL BACKGROUND

On June 29, 2000, a federal grand jury returned a four-count indictment against the defendant, James McDade ("Petitioner"), and nine other co-defendants. [Rec. Doc. 5]. The charges in the indictment included conspiracy to possess with intent to distribute crack cocaine in violation of 18 U.S.C. § 841(a)(1) (Count One) and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 (Count Three). [Rec. Doc. 241].

During the trial, the government presented evidence that Petitioner was involved in a conspiracy to distribute crack cocaine and powder cocaine in Shreveport, Louisiana, between October 1993 and May 1997. During that time, crack cocaine was sent from Los Angeles, California, to Shreveport, Louisiana, where Petitioner was responsible for selling crack cocaine. Once the cocaine was sold, Petitioner would return the funds to his contact, Calvin Odum ("Odum"), in Los Angeles, California. Petitioner and Odum used fictitious names to wire the drug proceeds via

Western Union. According to the pre-sentence investigation report, "$1,504,123 from illegal proceeds generated by the distribution of illegal drugs was sent by Western Union." [PSI, ¶ 23].

Following the close of evidence, the judge provided the following instruction to the jury: "Under the second element [of money laundering] the Government must show that in fact the property was the proceeds of the distribution of cocaine, which is a specified unlawful activity under the statute." [Rec. Doc. 238, p.15]. The term "proceeds" were defined to include "any property, or interest in any property, that someone acquires or retains as a result of the commission of the underlying specified unlawful activity. Proceeds can be any kind of property, not just money." [Rec. Doc. 238, p. 16].

On February 8, 2001, Petitioner was found guilty as to Counts One and Three. [Rec. Doc. 241]. On May 10, 2001, he was sentenced to 360 months imprisonment as to Count One, and 240 months as to Count Three, both terms to run concurrently. Upon release, Petitioner will be placed on supervised release for five years as to Count One and three years as to Count Three. [Rec. Doc. 293]. Petitioner appealed, but the United States Court of Appeals for the Fifth Circuit affirmed his conviction on March 18, 2002. [Rec. Doc. 428].

On August 1, 2008, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of Texas. [No. 08-001389, Rec. Doc. 1].[1] On December 11, 2008, he filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the Western District of Louisiana [Rec. Doc. 556], which is presently before this Court. Petitioner contends that, based on the United States Supreme Court decision in *United States v. Santos*, 128 S.Ct. 2020

---

[1] On November 2, 2008, the United States Attorney's office filed a response arguing that his § 2241 motion is procedurally barred. [No. 08-00138, Rec. Doc. 5]. At this time, Petitioner's petition for writ of habeas corpus is still pending and a decision has not be rendered.

(2008), the term "proceeds" in the Federal Laundering Statute 18 U.S.C. § 1956(a)(1) means "net profits," and therefore the jury instructions provided to the jury at trial were misleading and he is "actually innocent" of the crime for which he was prosecuted. [Rec. Doc. 556]. In response, the government argues McDade's § 2255 motion is untimely and, even if timely filed, Petitioner is not entitled to relief under *Santos*. [Rec. Doc. 559].

## II. LAW AND ANALYSIS

A prisoner may seek to vacate, set aside, or correct his sentence on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The statute of limitations for such motions is one-year from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the limitations period is measured from "the date on which the judgment of conviction becomes final." *Dodd v. U.S.*, 545 U.S. 353, 357, 125 S.Ct. 2478, 2481 (2005). For purposes of filing a § 2255 motion, a judgment of conviction becomes final when the time for filing

a petition for certiorari expires. *Clay v. U.S.*, 537 U.S. 522, 525, 123 S.Ct. 1072, 1075 (2003); *compare, U.S. v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000) (when the defendant timely files a petition for certiorari, the conviction becomes final when the petition is denied by the Supreme Court or when the Supreme Court renders a decision on the merits). Later filings are permitted when subparagraphs (2)-(4) of § 2255(f) apply. Here, Petitioner argues the one-year statute of limitations period did not commence until June 2, 2008, the date on which the Supreme Court announced its decision in *United States v. Santos, supra*, rendering his motion timely under § 2255(f)(3).

Under § 2255(f)(3), the limitations period is measured from "the date on which the right asserted was initially recognized by the Supreme Court." *See Dodd, supra*, at 357, 125 S.Ct. at 2482. However, § 2255(f)(3) applies only if that right has been (1) "newly recognized by the Supreme Court" and (2) "made retroactively applicable to cases on collateral review." *See Id.* at 358, 125 S.Ct. 2482; *see also, U.S. v. Lai*, 2009 WL 29892, *4 (N.D. Cal. 2009). These conditions apply to all motions under § 2255, initial motions as well as second or successive motions. *Id.* at 358, 125 S.Ct. 2843.

Petitioner argues the *Santos* decision applies retroactively and he is "actually innocent" of the money laundering offense as prosecuted by the government. [Rec. Doc. 556]. Nevertheless, even assuming *arguendo* that the term "proceeds" was interpreted to mean "net profits" as Petitioner contends, the Supreme Court has not made the *Santos* decision retroactively applicable. *See Santos, supra*. In fact, this Court is unable to find a single case in which the *Santos* decision has been found to apply retroactively. *See e.g., Vaughan v. U.S.*, 2008 WL 2945449 (W.D.N.C. 2008) (holding that the *Santos* decision cannot be applied retroactively in collateral proceedings or otherwise); *Johan v. U.S.*, 2009 WL 210709 (W.D. Wash. 2009) (assumed without deciding that *Santos* is retroactively

Page 4

applicable to cases on collateral review); *U.S. v. Iacaboni*, 592 F.Supp.2d 216 (D.Mass. 2009) (recognizing that the Supreme Court has not held that *Santos* applies retroactively on collateral review.).

Without a holding by the Supreme Court that the *Santos* decision applies retroactively to cases on collateral review, § 2255(f)(3) does not apply. *See Dodd, supra*, at 358, 125 S.Ct. 2842 (§ 2255(f)(3)'s date—"'the date on which the right asserted was initially recognized by the Supreme Court'—does not apply at all if the conditions in the second clause—the right 'has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review'—have not been satisfied."). Consequently, the operative limitations period expired in June 2003, or one year after Petitioner's judgment of conviction became final. Petitioner's § 2255 motion, filed five and one half years later, is therefore untimely and may not be considered by this Court.

## III. CONCLUSION

Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is untimely as it was filed outside the applicable one-year limitations period. Accordingly, Petitioner's § 2255 Motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this _17th_ day of April, 2009.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE